**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Orlando Vigil Farfan, | **Civ. Action #:** |
| Plaintiff, | <u>**Complaint**</u> |
| -v- | |
| JMK Painting LLC, and<br>Dimitrios Kourpas, | **Jury Trial Demanded** |
| Defendants. | |

Plaintiff Orlando Vigil Farfan ("Plaintiff" or "Farfan"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendants JMK Painting LLC and Dimitrios Kourpas (collectively "Defendants"), respectfully alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, and (ii) is entitled to maximum liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, 198, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York

Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 USC § 216(b).

6.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7.  Plaintiff Orlando Vigil Farfan ("Plaintiff" or "Farfan") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8.  Upon information and belief and all times relevant herein, Defendant JMK Painting LLC ("JMK") was a New York limited liability company.

9.  Upon information and belief and at all times relevant herein, Defendant JMK was owned/controlled/managed by Defendant Dimitrios Kourpas ("Kourpas") who was in charge of the operations and management of Defendant JMK.

10. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly controlled the employment of Plaintiff and were responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions and performed such functions as to Plaintiff.

11. Upon information and belief, and at all times relevant herein, Defendants individually, and/or jointly shared a principal place of business in Queens County, New York at 3634 35th Street Long Island City, NY 11106.

12. Upon information and belief and at all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

## STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendants were in the construction and building renovation business – including painting and wall covering.

14. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly, employed about 30 or more employees.

15. Plaintiff was employed by Defendants, individually and/or jointly, for about 25 years ending in or around November 2022.

16. At all times relevant herein, Plaintiff was employed by Defendants, individually and/or jointly, as a manual worker within the meaning of NYLL 191, including NYLL 191(1)(a)(i), as a laborer doing painting, renovations/repairs, etc. at Defendants' many job sites.

17. At all times relevant herein, Plaintiff was an hourly employee of Defendants, and his last regular hourly rate of pay was about $22.30 an hour.

18. At all times relevant herein, Plaintiff worked about 50 or more hours each week (5 days a week), and for about 2-3 weeks each month, Plaintiff worked about 60 or more hours each week (6 days a week). Plaintiff was paid at his straight regular rate for all hours worked except that Plaintiff was not paid at all for about 5-12 overtime hours each week. For example, in weeks when Plaintiff worked 60 hours, he was paid at his straight regular rate for 48 hours and was not paid any wages at all for about 12 overtime hours - with the exception of 2-4 weeks each year.

19. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

20. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week.

21. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1). See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021)("For example, the purported hiring notice Azoulay cites lacks required information about the employer (such as contact information and the corporate or business name), as well as required information about tip credit or tip policy. Similarly, Azoulay relies on purported wage notices that lack required information regarding all hours worked and wages paid. See Appellee Br. at 16-21.").

22. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3) - the statements provided to Plaintiff did not reflect all hours worked, nor all wages earned, among other deficiencies. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021)("For example, the purported hiring notice Azoulay cites lacks required information about the employer (such as contact information and the corporate or business name), as well as required information about tip credit or tip policy. Similarly, Azoulay relies on purported wage notices that lack required information regarding all hours worked and wages paid. See Appellee Br. at 16-21.").

23. At all times relevant herein, Defendants, individually and/or jointly, had revenues and/or transacted business in an amount exceeding $500,000 annually.

24. At all times relevant herein, Defendants conducted business with vendors and other businesses outside the State of New York.

25. At all times relevant herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of equipment, materials and other essential supplies for their business.

26. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

27. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

28. Upon information and belief, and at all times relevant herein, Defendants and Plaintiff utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail, messaging, and telephone/cellphone systems as a regular/daily part of the operation of Defendants and Plaintiff's employment with Defendants.

29. Upon information and belief, and at all times relevant herein, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

30. Upon information and belief, and at all relevant times herein, Defendants failed to display federal, and state minimum wage/overtime posters as required by the FLSA and NYLL (29 CFR 516.4; 12 NYCRR 142-2.8), and Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. As such, equitable tolling applies in this case. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

31. "Plaintiff" as used in this complaint refers to the named Plaintiff.

32. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

**AS AND FOR A FIRST CAUSE OF ACTION**

**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. - Unpaid Overtime**

33. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 32 above as if set forth fully and at length herein.

34. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC 201 et Seq.

35. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

36. At all times relevant herein, Defendants, individually and/or jointly transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

37. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

38. Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid overtime wages, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq.  and 12 NYCRR 142, etc. (Unpaid Overtime)

39. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 38 above as if set forth fully and at length herein.

40. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

41. At all times relevant herein, Defendants, individually and/or jointly, <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime wages at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

### Relief Demanded

42. Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid overtime wages, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

## AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198

43. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 42 above with the same force and effect as if fully set forth at length herein.

44. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

45. Defendants violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and

198, by failing to pay Plaintiff his unpaid overtime wages, and wage deductions Plaintiff was entitled to within the time required by NYLL §§ 191, 193 and 198.

46. At all times relevant herein, Plaintiff was entitled to severance/separation pay of at least about $25,000 from Defendants pursuant to the terms and conditions of his employment with Defendants, including Defendants' severance/separation plan/policy which Defendants were required to apply and implement in a fair, reasonable, equal, non-discriminatory and non-arbitrary manner.

47. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendants to comply with NYLL § 195(1).

48. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendants to comply with NYLL § 195(1).

**Relief Demanded**

49. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his unpaid overtime wages, severance pay, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

57. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiff's rights

under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

58. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

59. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

60. As to the **Third Cause of Action**, award Plaintiff all outstanding wages, including unpaid overtime wages, severance pay, wage deductions, plus maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

61. Award Plaintiff prejudgment interest on all monies due;

62. Award Plaintiff any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

63. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **February 28, 2023**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF